## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

|                          )    |                        |
|---|---|
| In re:                    )    | Chapter 13              |
|                          )    | Case No. 11-44524       |
|                          )    |                         |
| NICOLE D. GORDON,         )    |                         |
|                          )    |                         |
|            Debtor         )    |                         |
|                          )    |                         |

**MEMORANDUM OF DECISION**

Before the Court is the "Chapter 13 Trustee's Objection to Debtor's Chapter 13 Plan and Exemptions," filed by Denise M. Pappalardo, the Chapter 13 Trustee (the "Trustee"). The Trustee argues that the exemption claimed by Nicole D. Gordon (the "Debtor") pursuant to Massachusetts General Laws ch. 188, § 1 (the "Massachusetts Homestead Statute") is not valid because the Debtor holds only a remainder interest in her residence. Accordingly, this Court must wrestle with yet another of the seemingly unending questions raised by the Massachusetts homestead statutes – can the holder of a remainder interest in a residence claim the benefits of the statutory protection.

I. FACTS AND TRAVEL OF THE CASE

The material facts are not in dispute. By deed, dated September 5, 1996, the Debtor's mother, Betty Arakelian (the "Mother"), reserving for herself a life interest in her residence, located in Shrewsbury, Massachusetts (the "Property"), conveyed the remainder interest in the Property, for nominal consideration, to the Debtor and two others. By deed, recorded June 22, 2009, the Mother and the then three holders of the

1

remainder interests added a fourth remainder interest, with the Mother again reserving a life estate.[1] Accordingly, the Debtor was left with a one-quarter remainder interest in the Property (the "Remainder Interest")[2], subject to the Mother's life estate. On September 7, 2011, the Debtor recorded a declaration of homestead with respect to the Remainder Interest, pursuant to the Massachusetts Homestead Statute.

On October 31, 2011, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code.[3] On her Schedule A-Real Property, the Debtor disclosed the Remainder Interest and listed its value at $35,240. On her Schedule C-Property Claimed as Exempt, the Debtor claimed an exemption (the "Exemption") for the full amount of the Remainder Interest,[4] citing the Massachusetts Homestead Exemption as statutory authority therefor. At the § 341 meeting of creditors, the Debtor testified that she had lived at the Property since June or July 2011, but did not intend to establish her

---

[1] No party has raised the question of whether the 2009 conveyance, having reduced the Debtor's remainder interest from one-third to one-quarter was a fraudulent transfer under state law.

[2] At a hearing held on April 24, 2012, there was some debate as to the characterization of the Debtor's interest in the Property; however, the parties now agree that the Debtor holds a remainder interest in the Property subject to the Mother's life estate.

[3] All references to the "Bankruptcy Code" or to Code sections are to the Bankruptcy Code unless otherwise specified, see 11 U.S.C. §§ 101 et seq.; all references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

[4] The Debtor listed the available exemption at $125,000, but the current value of the Remainder Interest, without deducting exemptions, at $35,240. The Trustee, relying on tables provided by the Internal Revenue Service to value life estates, argues that the value of the Debtor's interest is only $34,000. While that valuation would, at first glance, moot any argument on valuation, the Debtor now contends that her own valuation is suspect because the first mortgage on the Property is a reverse mortgage which will reduce the value of her Remainder Interest over time. The parties have agreed, however, to defer the valuation question pending a ruling as to whether the Remainder Interest is exempt in any event.

*principal* residence there.[5]  She now claims that the Property *is*, in fact, her principal residence.

The Trustee timely filed an objection (the "Objection") to the Debtor's claimed Exemption in the Remainder Interest, arguing that the Debtor cannot claim an exemption in the Remainder Interest pursuant to the Massachusetts Homestead Statute because the Debtor is not an "owner" as defined by the statute.

The Debtor argues that the 2011 amendments to the Homestead Statute, in expanding the definition of "owner" to include, *inter alia*, the holder of a beneficial interest in a trust, signaled a general expansion of the term "owner."  And that expansion should include the remainder interest which the Debtor now holds coupled with an "oral lease" from her Mother, the holder of the life estate.  The Debtor reminds the Court that the Massachusetts Homestead Statute should be liberally construed in favor of debtors and their dependents.  And since a beneficial interest in a trust is not a present possessory interest in property but still falls within the protections of the statute, the Debtor reasons that her Remainder Interest, also not a present possessory interest, should be afforded the same protection.

Additionally, the Debtor points to the absence of case law in Massachusetts specifically addressing this question, suggesting that the Court look to decisions from other jurisdictions for guidance.  In particular, the Debtor relies on the Ohio decision of In re Kimble, 344 B.R. 546, 549 (Bankr. S.D. Ohio 2006) and the New York decision of

---

[5] The Debtor also testified that she owned another interest in real estate, together with her estranged spouse, in Auburn, Massachusetts.  According to her Schedule A, the Debtor indicated that she would "surrender" the marital home; however, it is unclear whether that surrender was to her spouse or to a mortgagee.  But although there appears to have been some initial debate about whether the instant Property was truly the Debtor's residence or merely a way station to another residence, the Trustee waived the issue at the hearing on the instant Objection.

3

In re Rasmussen, 456 B.R. 1 (Bankr. E.D. N.Y. 2011), where those courts held that the owners of remainder interests were entitled to exempt those interests under the laws of Ohio and New York, respectively.

The Trustee objects to the Debtor's reliance on statutes and case law from other jurisdictions as inapposite. For instance, the Ohio statute, the Trustee argues, differs dramatically from the Massachusetts Homestead Statute; the Ohio statute does not limit the type of interest a party must hold in property used as a residence to claim the exemption. And the New York decision takes the same course. The Trustee contends that it would be inappropriate for the Court to reach a conclusion that the statute of a state other than Massachusetts informs the interpretation of the Massachusetts Homestead Statute – particularly where the Massachusetts legislature took pains to specifically define the term "owner" in Homestead Statute and the legislatures of other states did not.

II. DISCUSSION

As this Court has explained,

> The moment a bankruptcy petition is filed, the debtor's bankruptcy estate is created. A bankruptcy estate is comprised of 'all legal or equitable interests of the debtor in property as of the commencement of the case.' 11 U.S.C. § 541(a)(1). The debtor is, however, entitled to exempt certain property from the bankruptcy estate. See 11 U.S.C. § 522.

In re Seeling, 471 B.R. 320, 322 (Bankr. D. Mass. 2012). Section 522(b) allows a debtor to claim either the federal exemptions listed in subsection (d) or exemptions available under nonbankruptcy law (including relevant state exemptions). 11 U.S.C.

4

§ 522(b).[6] Here, the Debtor elected to claim the Massachusetts exemptions, and seeks to exempt the full value of the Remainder Interest pursuant to the Massachusetts Homestead Statute, which provides:

> An estate of homestead to the extent of the declared homestead exemption in a home may be acquired by 1 or more owners who occupy or intend to occupy the home as a principal residence.

Mass. Gen. Laws ch. 188, §3(a). Thus, to qualify for the Massachusetts Homestead Exemption, the Debtor (1) must be an "owner"; and (2) must "occupy or intend to occupy the home as [her] principal residence." Id. The validity of a claimed exemption is presumed unless a party in interest objects, see 11 U.S.C. § 522(l), and any objecting party (here, the Trustee) has the burden to prove otherwise. See Fed. R. Bankr. P. 4003(c).

The parties now agree that the Debtor currently occupies the Property as her principal residence and that the Debtor currently holds a one-quarter remainder interest in the Property. The parties disagree, however, as to the Debtor's qualification as an "owner" as defined by the statute. The Massachusetts Homestead Statute defines "owner" as "a natural person who is a sole owner, joint tenant, tenant by the entirety, tenant in common, life estate holder or holder of a beneficial interest in a trust." Mass. Gen. Laws ch. 188, §1. The previous iteration of the statute did not include holders of life estates or beneficial interests in a trust as "owners" qualified to claim an exemption in relevant property. However, the Massachusetts Homestead Statute was amended in

---

[6] A debtor's ability to claim the federal bankruptcy exemptions is precluded in those states that have opted out of the federal exemption scheme. See 11 U.S.C. § 522(b). Massachusetts has not "opted out," and debtors filing in Massachusetts may elect either of the two alternatives.

5

2011, and the definition of "owner" was expanded to include both holders of life estates and holders of beneficial interests in trusts.[7]

The Debtor argues that because the holder of a beneficial interest in a trust has no present possessory interest in property but is still considered an "owner" under the statute, it would be in the spirit of the recently-amended Massachusetts Homestead Statute to afford the holder of a remainder interest the same protection. But while the Debtor is correct that the Massachusetts Supreme Judicial Court (the "SJC") has, at least with respect to the earlier statute, held that it should be liberally construed in favor of the debtor, see Rafuse v. Stryker, 2010 WL 2431921 *8 (Mass. Super. Ct. Apr. 21, 2010); Dwyer v. Cempellin, 424 Mass. 26, 673 N.E.2d 863, 866 (1996), liberal construction does not license the Court to ignore plain and unambiguous statutory language. See In re Melber, 315 B.R. 181, 188 (Bankr. D. Mass. 2004) (citations omitted); Tewhey v. Bodkins, 2012 WL 1390180 *3 (Mass. Super. Jan. 6, 2012).

As this Court has previously noted,

> a bankruptcy court ruling on an issue of state law must rule as it believes the highest court of the state would rule. When the highest court has not addressed the issue, the Bankruptcy Court should … attempt to predict what the highest court would do and to that end should accord proper regard to decisions of other courts of the state.

In re Szwyd, 346 B.R. 290, n. 2 (Bankr. D. Mass. 2006) (quoting In re Desroches, 314 B.R. 19, 21-22 (Bankr. D. Mass. 2004) (internal citations omitted).[8]  The Massachusetts

---

[7] While the legislation providing the amendments to the Massachusetts Homestead Statute was passed in 2010, the effective date of the amendments was March 16, 2011. See Mass. Gen. Laws ch. 188, § 1.

[8] The Debtor urges the Court to follow the reasoning in In re Kimble, 344 B.R. 546 (Bankr. S.D. Ohio 2006), where the court held that a holder of a remainder interest could claim an exemption under Ohio's homestead statute. However, as the Trustee aptly points out, Kimble is inapposite. The Ohio homestead statute, which requires that a debtor hold a mere "interest" in

Homestead Statute enumerates six types of "owners" who may claim an exemption under the statute – and the holder of a remainder interest is not among them. "'[W]hen a statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" In re Hayes, 376 B.R. 55, 60-61 (Bankr. D. Mass. 2007) (quoting Lamie v. United States, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004)). According to its terms, the Massachusetts Homestead Statute does not extend exemption privileges to holders of remainder interests.

A recent decision from the SJC, while not directly on point, strongly presages what would be its view here. In Boyle v. Weiss, the SJC considered whether a debtor with a beneficial interest in the trust that owned the debtor's principal residence could claim a homestead exemption in the property under the 2004 version of Massachusetts Homestead Statute. 461 Mass. 519, 521, 962 N.E.2d 169 (2012).[9] Section 1 of the 2004 Massachusetts Homestead Statute allowed an "owner" of a home to acquire a homestead exemption and defined an "owner" as "a sole owner, joint tenant, tenant by the entirety or tenant in common." Id. (quoting Mass. Gen. Laws ch. 188, §1 (2004)).[10]

---

real property – "interest" being nowhere defined in the Ohio homestead statute – differs dramatically from the Massachusetts Homestead Statute which requires that the debtor be an owner of the real property and provides a very specific definition for what it means to be an owner under the statute. And for the same reasons, the Court rejects the Debtor's advancement of the New York decision in In re Rasmussen, where the New York homestead statute failed to provide such a definition. 456 B.R. at 3.

[9] The Boyle case originated as a Chapter 7 bankruptcy case pending in the District of Massachusetts. Finding no controlling case law on point, Judge Hoffman certified the question of whether the 2004 version of the Massachusetts Homestead Statute applied to the holder of a beneficiary interest in a trust to the SJC. 962 N.E.2d 169, 170.

[10] The SJC considered the 2004 version of the Statute because the debtor filed her homestead declaration in 2010 -- one year before the 2011 amendments went into effect. Id. at 174.

7

Relying on the "plain terms" of the 2004 statute, the SJC concluded that the debtor was not an owner "because she [was] not a sole owner, a joint tenant, a tenant by the entirety, or a tenant in common." Id. at 172. Therefore, the debtor could not claim an exemption under the statute. Id. The SJC specifically rejected the debtor's argument that a liberal reading of the 2004 statute would justify such an expansion of the definition of an owner. Id.

The SJC's analysis and reasoning in Boyle provide every indication that the SJC would similarly find that, under the current version of the Massachusetts Homestead Statute, holders of remainder interests are not entitled to claim the exemption because a holder of a remainder interest is not among the types of enumerated "owners" under the statute. Accordingly, the Court must conclude that the Debtor cannot claim an exemption in the Property, as the Remainder Interest held by the Debtor is insufficient to qualify her as an "owner" under the Massachusetts Homestead Statute.

III. CONCLUSION

For the foregoing reasons, the Trustee's Objection is SUSTAINED. An order consistent with this Memorandum of Decision will issue accordingly.

DATED: August 28, 2012          By the Court,

                                _____
                                Henry J. Boroff
                                United States Bankruptcy Judge

8